IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RHONDA GOTT,                                    3:13-CV-01579-BR

        Plaintiff,                            OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

        Defendant.


BRUCE W. BREWER
P.O. Box 421
West Linn, OR 97068
(503) 621-6633

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**COURTNEY M. GARCIA**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2934

      Attorneys for Defendant


**BROWN, Judge.**

      Plaintiff Rhonda Gott seeks judicial review of a final decision of the Commissioner of the Social Security Admini-stration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


<u>**ADMINISTRATIVE HISTORY**</u>

      Plaintiff filed applications for DIB and SSI on January 5, 2010, and alleged a disability onset date of May 1, 2009.  Tr. 177, 179.[1]  Her applications were denied initially and on reconsideration.  An Administrative Law Judge

---

      [1] Citations to the official transcript of record filed by the Commissioner on June 10, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

(ALJ) held a hearing on September 1, 2011, and a supplemental hearing on December 21, 2011.  Tr. 30, 48.  At the initial hearing Plaintiff, a medical expert (ME), and a lay witness testified.  At the supplemental hearing Plaintiff and a vocational expert (VE) testified.  Tr. 30-47, 48-78.  Plaintiff was represented by an attorney.

On January 11, 2012, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 14-24.  On July 15, 2013, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.


## BACKGROUND

Plaintiff was born on March 1, 1963.  Tr. 177.  Plaintiff was 48 years old at the time of both of the hearings.  Plaintiff went to school through the ninth grade.  Tr. 215.  Plaintiff has past relevant work experience as a cleaner/housekeeper, a laundry worker, and an exterminator.  Tr. 23.

Plaintiff alleges disability due to seizures, chronic pancreatitis, migraines, depression, and anxiety.  Tr. 56.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17, 19-22.

3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir.
2009). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner
determines the claimant is engaged in substantial gainful
activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See
also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir.
2011).

At Step Two the claimant is not disabled if the Commissioner
determines the claimant does not have any medically severe
impairments or combination of impairments. 20 C.F.R.

5 - OPINION AND ORDER

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648
F.3d at 724.

At Step Three the claimant is disabled if the Commissioner
determines the claimant's impairments meet or equal one of the
listed impairments that the Commissioner acknowledges are so
severe as to preclude substantial gainful activity.  20 C.F.R.
§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648
F.3d at 724.  The criteria for the listed impairments, known as
Listings, are enumerated in 20 C.F.R. part 404, subpart P,
appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must
assess the claimant's residual functional capacity (RFC).  The
claimant's RFC is an assessment of the sustained, work-related
physical and mental activities the claimant can still do on a
regular and continuing basis despite her limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the
burden shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can perform.
*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
Cir. 2010).  The Commissioner may satisfy this burden through the
testimony of a VE or by reference to the Medical-Vocational
Guidelines set forth in the regulations at 20 C.F.R. part 404,
subpart P, appendix 2.  If the Commissioner meets this burden,
the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1),
416.920(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since her May 1, 2009, alleged onset
date.  Tr. 16.

At Step Two the ALJ found Plaintiff has the severe
impairments of a seizure disorder, migraine headaches, chronic
pancreatitis, and psychosis.  Tr. 16.  The ALJ found Plaintiff's
impairments of depression, anxiety, history of asthma, arthritis

of the cervical spine, "pinched nerves in her neck and spine,"
mild obstructive sleep apnea, and acute apendicitis are not
severe.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P, appendix
1.  Tr. 31.  The ALJ found Plaintiff has the RFC to perform
medium work.  Tr. 18.  The ALJ limited Plaintiff to unskilled and
semi-skilled work and to occasional interaction with coworkers.
Tr. 31.  The ALJ found Plaintiff should avoid unprotected heights
and hazards.  Tr. 18.

At Step Four the ALJ concluded Plaintiff is capable of
performing her past relevant work as a cleaner/housekeeper.
Tr. 23.  Accordingly, the ALJ found Plaintiff is not disabled.


<u>**DISCUSSION**</u>

Plaintiff contends the ALJ erred when he (1) improperly
rejected Plaintiff's testimony; (2) improperly rejected the
opinion of Kimberly Goslin, M.D.; (3) improperly failed to
address the opinion of Renatta Yang, M.D.; and (4) improperly
gave only "some weight" to the lay-witness testimony of Shirley
Hardy.

**I.    The ALJ did not err when he partially rejected Plaintiff's
testimony.**

Plaintiff alleges the ALJ erred by failing to provide clear

and convincing reasons for partially rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

At the hearing Plaintiff testified she could not work due to seizures, a stiff neck, migraines, depression, and anxiety. Plaintiff testified she has not suffered any *grand mal* seizures since April 2011, but she experiences *petit mal* seizures one-to-

three times per day.  Tr. 60-61.  Plaintiff testified she began
hearing voices and experiencing visual hallucinations at age 23.
Tr. 34.  In her February 2010 Adult Function Report Plaintiff
indicated she has problems lifting, walking, seeing, remembering,
completing tasks, concentrating, understanding, and using her
hands.  Tr. 259.

      The ALJ found Plaintiff's "medically determinable
impairments caused symptoms resulting in some limitations on work
activity," but he concluded "the record . . . does not establish
that [Plaintiff's] impairments preclude her from engaging in all
basic work activity as she has alleged."  Tr. 19.  The ALJ,
therefore, found Plaintiff was only "partially credible" and
accorded her report and testimony "little weight."  Tr. 23.  The
ALJ noted Plaintiff continued to work part-time throughout 2010
after her alleged onset date "earning just below substantial
gainful activity."  Tr. 23.  *See Drouin v. Sullivan*, 966 F.2d
1255, 1258 (9th Cir. 1992)(ALJ found the fact that the plaintiff
was able to hold a job with a "fair amount of success" after her
onset date even though that job was "too taxing for her"
constituted substantial evidence to support the ALJ's
determination that the plaintiff was not disabled).

      The ALJ also noted the record reflects medication and
treatment alleviated Plaintiff's symptoms.  Specifically,
Plaintiff's *grand mal* seizures were controlled on medication and

10 - OPINION AND ORDER

Plaintiff's EEG was normal after she began taking medication. Tr. 23, 54, 70-72.  The ALJ also noted Plaintiff had not sought any mental-health counseling since her release from treatment in February 2011.  The ALJ also noted the Plaintiff was not compliant with taking her seizure medication.

Finally, examining psychologist Gary Sacks, Ph.D., noted during Plaintiff's October 2011 Psychodiagnostic Examination that Plaintiff's "report regarding auditory hallucinations . . . was unusual and not entirely credible."  Tr. 848.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony was only partially credible and giving it "little weight."  The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**II.  Physician's Opinions.**

Plaintiff asserts the ALJ erred when he gave "little weight" to the opinion of treating physician Dr. Goslin and failed to address the opinion of treating physician Dr. Yang.

**A.    Dr. Goslin**

Dr. Goslin saw Plaintiff once in April 2011 and once in June 2011.  In April 2011 Dr. Goslin assessed Plaintiff with a seizure disorder and prescribed Lamictal.  In June 2011 Plaintiff reported to Dr. Goslin that she had not had any seizures since

April 2011.

On June 9, 2011, Dr. Goslin provided the following opinion:  "I am the neurologist treating [Plaintiff].  Because of her neurologic condition she is not able to work.  She requires financial assistance with her medications."  Tr. 468.

The ALJ gave "little weight" to Dr. Goslin's June 2011 opinion because Dr. Goslin's opinion was conclusory and brief and unsupported by medical findings.  *See Batson v. Comm's of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(The ALJ gave specific and legitimate reasons to support discounting the opinions of the plaintiff's treating physicians when those opinions were "conclusory, brief, and unsupported by the record as a whole.").  For example, Dr. Sacks, examining psychologist, assessed Plaintiff as having only mild limitations in interacting appropriately with supervisors or co-workers or in responding appropriately to work situations.  Tr. 853.

On this record the Court concludes the ALJ did not err when he gave little weight to Dr. Goslin's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**B.   Dr. Yang**

Plaintiff asserts the ALJ erred when he failed to address the February 2011 Mental Impairment Questionnaire completed by Dr. Yang, treating physician.

12 - OPINION AND ORDER

The record reflects Dr. Yang treated Plaintiff only for a short time from December 18, 2010, to January 11, 2011, when Plaintiff was admitted for inpatient psychiatric care in connection with her one psychotic break. Dr. Yang addressed Plaintiff's restrictions solely for that period and indicated Plaintiff's restrictions would only be an issue if Plaintiff failed to take her medication. Tr. 288-90. The record reflects Plaintiff did not display any psychiatric symptoms on discharge in January 2011. Tr. 454. The record also reflects the ALJ was aware of Dr. Yang's Questionnaire because he referenced it at the September 2011 hearing. The ALJ, however, "need not discuss all evidence presented to [him]. Rather, [he] must explain why significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 .2d 1393, 1394-95 (9th Cir. 1984). Here Dr. Yang's questionnaire that the ALJ did not address "was neither significant nor probative" evidence of Plaintiff's condition. *Id*. *See also Rogal v. Colvin,* No. 13-35319, 2014 WL 5757223, at *2 (9th Cir. Nov. 6, 2014)("The Secretary need not discuss all evidence presented to her. Rather, she must explain why significant probative evidence has been rejected.").

Accordingly, the Court concludes the ALJ did not err when he did not address Dr. Yang's February 2011 Questionnaire.

**III. The ALJ did not err when he gave "some weight" to the testimony of lay-witness Shirley Hardy.**

Plaintiff asserts the ALJ erred when he gave only some

weight to the lay testimony of Shirley Hardy, Plaintiff's mother.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  The ALJ's reasons for rejecting lay-witness testimony must also be "specific."  *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006).  When "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout,* 454 F.3d at 1056.

Hardy testified at the first hearing that Plaintiff moved in with her two months before the hearing.  Tr. 63.  Hardy had observed Plaintiff in the past suffering *grand* and *petit mal* seizures.  Tr. 22, 64.  Hardy noted during *grand mal* seizures Plaintiff lost consciousness and convulsed.  Tr. 64.  Hardy noted, however, that Plaintiff had not had a *grand mal* seizure since at least April 2011.  Tr. 54.  Hardy testified during *petit mal seizures* Plaintiff stayed conscious, she stared into space, her hands shook a little, and she occasionally fell.  Tr. 64. Hardy testified after a *petit mal* seizure Plaintiff was sluggish and frequently took a two-to-four hour nap.  Hardy noted

Plaintiff consistently took her anti-seizure medication. Tr. 63-65.

The ALJ gave some weight to Hardy's opinion and noted Plaintiff lived with and was supported by Hardy, which indicated Hardy may have had a motive of secondary gain.  Tr. 23.  In addition, Hardy's opinion of Plaintiff's impairments relied at least in part on Plaintiff's representations, and the ALJ had already found Plaintiff was not fully credible.

The Court concludes on this record that the ALJ did not err when he gave only some weight to Hardy's testimony because the ALJ provided legally sufficient reasons for doing so.


## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of March, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge